UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JUSTIN WEIBLE,

    Plaintiff,

v.

KEVIN PROVOST et al.,

    Defendants.

Case No.: 2:22-cv-00812-GMN-EJY

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's First Amended Complaint under 42 U.S.C. § 1983. ECF No. 7.

**I.    INTRODUCTION**

Plaintiff, a non-inmate, filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 1. The IFP application demonstrated Plaintiff met the requirements to proceed without paying filing fees, and the application was granted. ECF No. 5. The Court screened Plaintiff's initial Complaint and recommended the Complaint be dismissed without prejudice and with leave to amend. *Id.* Pending before the Court is Plaintiff's First Amended Complaint (ECF No. 7) that is screened below.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

In determining whether Plaintiff's Amended Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to Plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Nonetheless, and while the standard under Rule 12(b)(6) does not require detailed factual allegations, Plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

## III. DISCUSSION

Plaintiff's First Amended Complaint alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution as well as common law rights.[1] ECF No. 7 at 4. Plaintiff's constitutional claims are brought through 42 U.S.C. § 1983. Plaintiff names Kevin Provost, Thomas Conner, Lucien Lockhart, Richard Nelson Jr., Melanie Andress-Tobiasson, Stephen George, Richard Scotti, Crystal Eller, Pandora Leven, Damian Sheets, Kelsey Bernstein, Baylie Hellman, Alexis Minichini, Erik Zentz, Robert Zentz, the State of Nevada, Clark County, the City of Henderson, the Nevada Department of Motor Vehicles, the Nevada Department of Public Safety, the Las Vegas Metropolitan Police Department, the Henderson Detention Center, and Clark County Detention Center as Defendants. *Id.* at 2. Plaintiff also separately lists the Nevada Highway Patrol as a Defendant. *Id.* at 3.

Plaintiff avers that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Defendant Provost pulled him over without probable cause, unlawfully arrested him, unlawfully searched his vehicle, impounded his vehicle and personal property, and transported him to Henderson Detention Center. *Id.* at 15. Plaintiff alleges Defendants Provost and Nelson "unlawfully and unreasonably applied for a search warrant telephonically," obtained the warrant,

---

[1] The complete list of claims Plaintiff attempts to assert include: "negligence, perjury, police misconduct, police brutality, defamation of character, battery, assault, legal malpractice, judicial misconduct [under 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 245(b)(2)]…right to due process guaranteed by the 4th amendment, 5th amendment, 8th amendment, and the 14th amendment." ECF No. 7 at 4.

2

and took his blood without consent. *Id.* at 15-16. Plaintiff alleges that his driving privileges were subsequently revoked. *Id.* at 16. The order revoking Plaintiff's driver's license followed an administrative hearing and was signed by Thomas Conner. *Id.* at 17. Plaintiff asserts several contentions the Court interprets as judicial misconduct and attorney malpractice against judges and attorneys. *Id.* at 18-20.

Plaintiff alleges that on March 18, 2021, when he was released from Clark County Detention Center, he was assaulted by an unknown corrections officer resulting in hospital care for an orbital bruise. *Id.* at 19. Plaintiff alleges that the Nevada Highway Patrol, Henderson Police Department, and Las Vegas Metropolitan Police Department have "a custom, pattern, practice, and/or procedure of hiring police officers who have committed acts of violence and/or have a propensity to do so." *Id.* at 21. As a result of those policies, Plaintiff alleges his Fourth Amendment rights were violated. *Id.*

Following this wrongdoing by Defendants, Plaintiff claims he "has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement, and physical pain and suffering." *Id.* at 23. Plaintiff asks the Court to restore his rights, order policy changes to be implemented at various Nevada state agencies, and award him $100 million in compensatory, monetary, nominal, and punitive damages. *Id.* at 24.

    A.    <u>The Court Recommends Dismissing With Prejudice Plaintiff's Section 1983 and Common Law Claims Against Judicial Officers Thomas Conner, Melanie Andress-Tobiasson, Stephen George, Richard Scotti, and Crystal Eller.</u>

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (citation omitted); *Burns v. Reed*, 500 U.S. 478, 501 (1991) (Scalia concurring) (judicial officers are immune from common law defamation claims); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871) ("[I]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions'"; thus supporting the Court's decision that the judicial officers named by Plaintiff cannot be sued in their judicial capacities).

In the instant case, the actions of each judge as described by Plaintiff in his Amended Complaint relate to acts performed in their official capacities. ECF No. 7 ¶¶ 62, 69, 71, 73, 75-77, 80-81, 85, 88. Therefore, the Court recommends dismissal with prejudice of all claims against judicial officers Thomas Conner, Melanie Andress-Tobiasson, Stephen George, Richard Scotti, and Crystal Eller as amendment would be futile.

B. Plaintiff's Claims Against Pandora Leven, Damian Sheets, Kelsey Bernstein, Baylie Hellman, Alexis Minichini, Erik Zentz, and Robert Zentz.

1. *Plaintiff's § 1983 claims*.

In the Ninth Circuit, as in other circuits, "an attorney, whether retained or appointed, does not act under color of state law. Hence, the [§ 1983] claim is not one coming within the jurisdiction of the district court." *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (internal quotations and citations omitted). *See also Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1991). As such, all of Plaintiff's claims arising under § 1983 against the above named attorneys must be dismissed with prejudice as amendment would be futile.

2. *Plaintiff's common law malpractice claims*.

Plaintiff cannot state a common law malpractice claim against Ms. Leven, who is a public defender. ECF No. 7 ¶ 86. *Morgano v. Smith*, 879 P.2d 735, 737 (Nev. 1994) (internal citation omitted). Thus, the Court recommends this claim be dismissed with prejudice because amendment would be futile.

With respect to privately retained criminal defense counsel, a plaintiff must assert that he/she obtained post-conviction relief before a common law malpractice claim will lie. *Id*. at 737-78 (citing *Shaw v. State, Dept. of Admin., PDA*, 816 P.2d 1358, 1360 (Alaska 1991) (a convicted criminal must obtain post-conviction relief before pursuing a legal malpractice action against former defense counsel); *Stevens v. Bispham*, 851 P.2d 556, 561, 566 (Ore. 1993) (for a convicted criminal to maintain a legal malpractice action against former defense counsel, the plaintiff must allege exoneration of the underlying offense through reversal on direct appeal, post-conviction relief or other means)). Plaintiff makes no assertion of post-conviction relief in his Amended Complaint. Therefore, he fails to state a legal malpractice claim against Damian Sheets, Kelsey Bernstein, Baylie

Hellman, Alexis Minichini, Erik Zentz, and Robert Zentz. Nonetheless, because it is possible for Plaintiff to allege facts that could state such a claim, the Court recommends dismissing the common law malpractice claims against Damian Sheets, Kelsey Bernstein, Baylie Hellman, Alexis Minichini, Erik Zentz, and Robert Zentz without prejudice and with leave to amend.

      C.    <u>Plaintiff's Section 1983 Claims Against the State of Nevada, the Nevada Department of Public Safety, the Nevada Department of Motor Vehicles, the Nevada Highway Patrol, the Clark County Detention Center, and the Henderson Detention Center.</u>

           *1.*    *The State of Nevada and its subdivisions*.

The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court holds that 42 U.S.C. § 1983 does not constitute an abrogation of a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is not subject to suit under Section 1983. *Id.*; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has declined to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, to the extent Plaintiff seeks to sue the State of Nevada he is constitutionally barred from doing so and his claims must be dismissed. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Further, in relevant part, § 1983 states that "[e]very *person* who, under color of [state law] … causes to be subjected[] any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured." (Emphasis added.) Federal law interprets the word "person" appearing in § 1983 as not including states or state agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). As subdivisions of the State of Nevada—which itself is immune—the Nevada Department of Public Safety, the Nevada Department of Motor Vehicles, and the Nevada Highway Patrol are also immune from suit under § 1983. *Meza v. Lee*, 669 F.Supp. 325, 328 (D. Nev. 1987). Thus, the Court recommends Plaintiff's claims against these three state agencies be dismissed with prejudice as amendment would be futile. *Pennhurst*, 465 U.S. at 101-02.

           *2.*    *The Clark County and Henderson Detention Centers*.

The Clark County Detention Center is a building and is therefore not an entity subject to suit. *Ellis v. Clark County Detention Center Med.*, Case No. 2:19-cv-00320-JAD, 2019 WL 6828296, at

5

*2 (D. Nev. Dec. 12, 2019). The same principle is properly applied to the Henderson Detention Center. *Gonzalez v. Henderson Detention Center*, Case No. 2:11-cv-00789-RLH, 2011 WL 4834461, at *2 (D. Nev. Oct. 12, 2011). Because amendment would be futile, the Court recommends dismissal with prejudice of all claims against the Clark County Detention Center and the Henderson Detention Center.

        D.       <u>The Court Recommends Dismissing Plaintiff's Section 1983 Claims Against Clark County, the City of Henderson, and the Las Vegas Metropolitan Police Department Without Prejudice</u>.

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so arguing respondeat superior. Instead, a plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted).

Clark County, the City of Henderson, and the Las Vegas Metropolitan Police Department are all municipal defendants that may be held liable under the *Monell* framework. In the instant case, Plaintiff alleges that the Henderson Police Department and Las Vegas Metropolitan Police Department have "a custom, pattern, practice, and/or procedure of hiring police officers who have committed acts of violence and/or have a propensity to do so." ECF No. 7 ¶ 110. Plaintiff alleges no additional facts regarding the alleged policy to which he refers. Plaintiff makes no mention of any policy issued by or otherwise adopted by practice involving Clark County. Thus, Plaintiff fails to plead claims against all of these defendants. However, Plaintiff may be able to plead with more factual specificity in order to state a claim for which relief may granted.

Because amendment is not necessarily futile, the Court recommends dismissal of Plaintiff's claims against Clark County, the City of Henderson, and the Las Vegas Metropolitan Police Department without prejudice and with leave to amend.

    E.    <u>Plaintiff's Claims Against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr.</u>.

        *1.    Plaintiff's official capacity claims must be dismissed with prejudice.*

Plaintiff names Kevin Provost as a defendant in his official capacity. ECF No. 7 at 3. To ensure the Court is thorough, the Court interprets Plaintiff's Amended Complaint as though it names Lockhart and Nelson as defendants in their official capacities as well.

The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). For this reason, the Court recommends dismissing with prejudice all of Plaintiff's claims seeking money damages for past harms allegedly caused by Kevin Provost, Lucia Lockhart, and Richard Nelson, Jr. in their official capacities.

        *2.    Plaintiff's individual capacity § 1983 and common law claims.*

            a.    Plaintiff's § 1983 claims.

The Court reasonably interprets Plaintiff's police misconduct and brutality claims as Fourth Amendment claims. However, Plaintiff's Amended Complaint fails to state a Fourth Amendment claim against Provost, Lockhart, and Nelson in their individual capacities. The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. "[*A*]*ll* claims that law enforcement officers have used excessive force—deadly or not— in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Id*. at 395 (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness

of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": "(1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). These factors are not exclusive. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Instead, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted).

Plaintiff's Amended Complaint not only fails to properly identify his claims, but he fails to allege facts describing what, if anything, prompted the apparent traffic stop, the subsequent arrest, the alleged illegitimate telephone warrant or how or when most of the Defendants engaged in wrongs supporting the alleged constitutional violations. Instead, Plaintiff asserts conclusions that each event and encounter with law enforcement violated his rights. In the absence of facts, the Amended Complaint fails to put Defendants sufficiently on notice of the claims against them as required by Rule 8 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). Defendants cannot defend themselves against Plaintiff's conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Therefore, the Court recommends Plaintiff's Fourth Amendment claims (asserted as police brutality and misconduct) against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr. be dismissed without prejudice and with leave to amend.

The Court reasonably interprets Plaintiff's constitutionally based assault and battery claim as arising under the Eighth Amendment. The Eighth Amendment prohibits prison authorities from inflicting cruel and unusual punishment on prison inmates. *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986); *Ingraham v. Wright*, 430 U.S. 651, 669-70 (1977). Conduct by prison authorities constitutes

cruel and unusual punishment where it causes an "unnecessary and wanton infliction of pain" and, thereby, offends "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The key inquiry under the Eighth Amendment is not the nature of a defendant's injury, but the reason for the infliction of that injury. "It is obduracy and wantoness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

Here, Plaintiff provides bare minimum facts regarding alleged events involving a corrections officers. That is, Plaintiff alleges that while being released from the Clark County Detention Center, an unknown corrections officer "assaulted" him causing an injury. ECF No. 7 ¶ 93. This single allegation does not suffice to state a claim for violation of the Eighth Amendment. To the extent Plaintiff intended to state a violation of his Eighth Amendment rights by virtue of the conduct alleged by an unknown corrections officer, the Court recommends dismissal of the claim without prejudice, but with leave to amend.[2]

           b.     Plaintiff's common law claims of perjury and defamation.

Plaintiff's claim of defamation and perjury, as asserted against the law enforcement officers, fails as a matter of law. Witnesses, including police witnesses, are immune from liability for their testimony in proceedings even if they committed perjury. *Briscoe v. LaHue*, 460 U.S. 325, 330-334, 345 (1983) (finding (1) defamation immunity sufficient to immunize witnesses for all in-court statements, (2) extending defamation immunity to lawyers in presenting evidence, and (3) extending witness immunity to conspiracy to commit perjury); *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000). For this reason alone, the Court recommends dismissal of Plaintiff's defamation and perjury allegations against the police officer defendants.

---

[2] Plaintiff's Fifth Amendment claims fail as a matter of law because it is well established that Plaintiff cannot state such a claim against either a local governmental entity or its employees as the Fifth Amendment applies only to the federal government. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir.2001). Thus, Plaintiff's Fifth Amendment claims must be dismissed with prejudice. With respect to the Fourteenth Amendment, Plaintiff asserts no claim the Court can discern from the facts alleged. In the absence of any identifiable claim under the Fourteenth Amendment, the Court recommends dismissal without prejudice and with one opportunity to amend.

9

Further, a fair reading of Plaintiff's claims regarding perjured testimony necessarily implicates the validity of his underlying conviction and there is no evidence that this conviction was reversed, expunged, or impugned by a grant of writ of habeas corpus. This is a second reason Plaintiff's perjury claim is properly dismissed with prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam); *Holt v. Castaneda*, 832 F.2d 123, 126 (9th Cir. 1987).

### c. Plaintiff's common law battery claim.

To state a common law claim of assault, a plaintiff must allege that the defendant: (1) intended to cause harmful or offensive physical contact; and (2) the victim was put in apprehension of such contact. *Estate of Sauceda v. City of North Las Vegas*, 380 F.Supp.3d 1068, 1088 (D. Nev. 2019) (internal citation omitted). To state a battery claim, a plaintiff must demonstrate that the defendant: (1) intended to cause harmful or offensive contact; and (2) such contact occurred. *Id*. (citation omitted). Plaintiff's allegations do not state a claim for assault. The Court presumes Plaintiff intended to state a claim for battery. "[U]nder Nevada law, a police officer is privileged to use the amount of force reasonably necessary." *Vasquez–Brenes v. Las Vegas Metropolitan Police Dept.*, 51 F.Supp.3d 999, 1014 (D. Nev. 2014) (citing *Yada v. Simpson*, 913 P.2d 1261, 1262 (Nev. 1996), *superseded by statute on other grounds as recognized by RTTC Commc'n, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 (Nev.2005)). However, "[a]n officer who uses more force than is reasonably necessary is liable for battery." *Id*.; *see also Ramirez v. City of Reno*, 925 F.Supp. 681, 691 (D. Nev. 1996) (applying Nevada law). The standard for determining if a battery by a police officer occurred under Nevada law is the same standard as applied under § 1983. *Id*. at 1014; *see also Ramirez*, 925 F.Supp. at 691 ("The standard for common-law assault and battery by a police officer thus mirrors the federal civil rights law standard ...."). As alleged, Plaintiff fails to state sufficient facts to establish a claim of battery by the unknown corrections officer. However, upon amendment, Plaintiff may be able to do so. Accordingly, the Court recommends Plaintiff's common law battery claim be dismissed without prejudice and with leave to amend.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the following claims asserted by Plaintiff be dismissed with prejudice:

      a.      All claims against judicial officers Thomas Conner, Melanie Andress-Tobiasson, Stephen George, Richard Scotti, and Crystal Eller as these Defendants are immune to suit;

      b.      All claims asserted against the State of Nevada, the Nevada Department of Public Safety, the Nevada Department of Motor Vehicles, and the Nevada Highway Patrol as the Defendants are immune from suit;

      c.      All claims against Public Defender Pandora Leven as a public defender cannot be sued under Section 1983 or for malpractice;

      d.      Fourth Amendment, Fifth Amendment, Eight Amendment, and Fourteenth Amendment claims against retained or appointed counsel Damian Sheets, Kelsey Bernstein, Baylie Hellman, Alexis Minichini, Erik Zentz, and Robert Zentz as these Defendants are not "persons" under Section 1983;

      e.      All claims against the Clark County Detention Center and the Henderson Detention Center;

      f.      Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr. in their official capacities;

      g.      Fifth and Eighth Amendment claims against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr. in their individual capacities because the Fifth Amendment only applies to federal actors; and any Eighth Amendment claim for police brutality is screened under the Fourth Amendment; and

      h.      Common law claims of perjury and defamation Against law enforcement officers Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr. in their individual capacities.

IT IS FURTHER RECOMMENDED that the following claims be dismissed without prejudice with leave to amend:

      a.      Plaintiff's common law malpractice against Damian Sheets, Kelsey Bernstein, Baylie Hellman, Alexis Minichini, Erik Zentz, and Robert Zentz;

b. Plaintiff's Fourth Amendment and Fourteenth Amendment claims against Clark County, the City of Henderson, and the Las Vegas Metropolitan Police Department under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978);

c. Plaintiff's Eighth Amendment claims against the unknown Corrections Officers;

d. Plaintiff's Fourth Amendment and Fourteenth Amendment claims against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr. in their individual capacities; and

e Plaintiff's common law claims for battery against Kevin Provost, Lucien Lockhart, and Richard Nelson, Jr.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** additional opportunity to file what would be a second amended complaint. This would be Plaintiff's third chance to state claims against defendants who have not been dismissed with prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended complaint, he be given through and including **October 31, 2022** to do so. The document filed by Plaintiff must be titled "SECOND AMENDED COMPLAINT" and must be complete in and of itself. This means it must include all facts Plaintiff believe supports the claims he seeks to assert. Plaintiff must identify which claims are asserted against which Defendant based on the facts alleged. Plaintiff must **not** reassert claims against Defendants who were dismissed with prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a second amended complaint on or before **October 31, 2022**, or if Plaintiff timely files a second amended complaint, but the complaint fails to state a claim upon which relief may be granted, this case be dismissed without prejudice, but without leave to amend.

DATED this 27th day of September, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).