1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JUSTIN WEIBLE,                                    )
                                                  )
                       Plaintiffs,                )        Case No.: 2:22-cv-00812-GMN-EJY
        vs.                                       )
                                                  )        **ORDER**
KEVIN PROVOST, *et al.*,                          )
                                                  )
                       Defendants.                )
                                                  )
_____           )

Pending before the Court is the Ninth Circuit Court of Appeal's referral notice. (ECF No. 17). The Court previously granted Plaintiff Justin Weible's ("Plaintiff's") application to proceed *in forma pauperis* ("IFP") in this matter. (ECF No. 5). The Ninth Circuit referred the matter back to this Court "for the limited purpose of determining whether IFP status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Ref. Notice at 1, ECF No. 17) (citing 28 U.S.C. § 1915(a)(3)).

An indigent party who cannot pay for pursuing an appeal may file a motion for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). When the party was granted leave to proceed IFP in the district court, the party may proceed IFP on appeal without further authorization unless the district court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *See Hooker v. American Airline*, 302 F.3d 1091, 1092 (9th Cir. 2002).

1    An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke*

2    *v. Williams*, 490 U.S. 319, 325 (1989).  Legally frivolous claims are those "based on an

3    indisputably meritless legal theory," such as claims against defendants who are immune from

4    suit or for "infringement of a legal interest which clearly does not exist." *Id.* at 327.  Factually

5    frivolous claims are those premised on "clearly baseless" factual contentions, such as claims

6    "describing fantastic or delusional scenarios." *Id.* at 327–28.

7    Here, the Court cannot conclude that the appeal is taken in good faith.  After concluding

8    that Plaintiff's complaints, (ECF Nos. 1 & 7), failed to state a claim because, among other

9    things: (1) many of the named Defendants were immune from suit; (2) Plaintiff failed to

10   identify how Defendants harmed him; and (3) Plaintiff repeatedly failed to include facts

11   necessary to put Defendants on notice of the claims against them, the Court granted him a

12   second opportunity to file an amended complaint to correct these deficiencies. (*See* Order 2:21–

13   3:24, ECF No. 5); (Report & Recommendation ("R&R") 2:11–10:25, ECF No. 11).  Plaintiff,

14   however, did not take the opportunity to amend his complaint and allowed the time to object to

15   the Magistrate Judge's R&R lapse. (*See* Order 2:1–4, ECF No. 13); (Min. Order, ECF No. 11)

16   (setting an October 11, 2022, deadline for objections).  Because Plaintiff failed to amend his

17   complaint to correct the deficiencies laid out in the R&R or object to said R&R, his appeal is

18   frivolous or taken in bad faith.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

Accordingly, the Court **HEREBY FINDS and CERTIFIES** that Plaintiff's appeal is frivolous or taken in bad faith.  **IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status is **REVOKED**.  The Clerk is directed to forward this Order to the United States Court of Appeals for the Ninth Circuit, with reference to *Weible v. Provost, et al.*, 22-16736 (9th Cir. 2022).  The Clerk is further instructed to send a copy of this Order to Plaintiff at his last known mailing address.

DATED this __13__ day of December, 2022.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT